**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | |
|---|---|
| LEQUITA R. WHITFIELD, *On Behalf Of Herself and All Others Similarly Situated*,<br><br>    Plaintiff,<br><br>v.<br><br>SELENE FINANCE, LP, a *Texas Corporation*,<br><br>    Defendant. | CIVIL ACTION FILE NO.: 5:24-cv-00153<br><br><br>**JURY DEMAND** |

## COMPLAINT – CLASS ACTION

Lequita R. Whitfield ("Ms. Whitfield" or "Plaintiff"), on behalf of herself and all others similarly situated, files this class action complaint against Selene Finance, LP ("Selene" or "Defendant") and states:

### NATURE OF THE ACTION

1.    This is a consumer protection action brought by Plaintiff and others similarly situated to obtain redress from Selene's systematic use of unlawful and unfair debt collection practices to collect upon residential consumer mortgage loans.

2.    Specifically, Selene sends borrowers form letters alleging that the borrowers are in default on their mortgages and that the failure to immediately make a ***full and complete*** payment of all arrearages will result in immediate acceleration of their loan.

1

3.     The form letter has been distributed across the nation, including a form letter sent out to citizens and residents of the state of Georgia (hereinafter referred to as the "GA Final Letter(s)").

4.     The GA Final Letter presents a false ultimatum: pay the entire balance of arrearages immediately or face acceleration.

5.     Upon information and belief, the ultimatum does not comport with Selene's intentions, corporate policy, or legal authority.

6.     Thus, Selene's representation that failure to immediately pay all arrearages will result in immediate acceleration of the loan is false, misleading, and unfairly coercive.

7.     This false and deceptive ultimatum in the GA Final Letter contradicts Selene's actual policy to ***never*** accelerate a loan so long as any payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in the GA Final Letter.

8.     The GA Final Letter sent by Selene to Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Selene that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

9.     By misrepresenting the conditions under which Selene intends to accelerate mortgage loans, the GA Final Letter creates a false sense of urgency, intimidates

consumers into making payments to Selene beyond what is necessary to avoid acceleration, and deprives consumers of the ability to make informed decisions in violation of the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-9-390, *et seq*. ("FBPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA").

10.    This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who are members of the Class (defined below) to whom Selene has sent or will send a GA Final Letter during the applicable Class Period (defined below).

## JURISIDICTION AND VENUE

11.    This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 in that this action arises under, *inter alia*, the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*.

12.    Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because these claims form part of a class action in which the amount in controversy exceeds the sum of $5,000,000 and the class contains citizens of different states than Defendant.

13.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 in that the state law allegations contained herein are so related to the claims asserted under 15 U.S.C. §§ 1692 *et seq*. over which the Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

14.     Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claims asserted herein occurred within this District.

## PARTIES

15.     Plaintiff is a citizen and resident of Houston County, Georgia.

16.     Selene is a corporation organized and existing under and by virtue of the laws of the State of Texas with a principal place of business in Coppell, Texas.

17.     Selene is regularly engaged in the business of collecting debt in the State of Georgia.

18.     Upon information and belief, Selene is not a bank, trust company, or lending institution.

19.     Selene's employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Selene and, therefore, Selene is responsible and/or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of respondeat superior.

## FACTUAL ALLEGATIONS

20.     Upon information and belief, Selene earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

21.     Upon information and belief, many of the mortgage loans that Selene services, including the named Plaintiff and putative Class members, are delinquent or are in default when Selene acquires servicing rights.

22.     Other loans become delinquent during the course of Selene's servicing of the loans.

23.     Upon information and belief, when loans for its customers become more than 45 days delinquent, Selene sends a letter that it refers to as a "Final Letter" to coerce and intimidate the borrower into paying the enter default amount of the loan.

24.     An Exemplar GA Final Letter sent to Plaintiff is attached hereto as **<u>Exhibit A</u>**.

25.     The GA Final Letter specifically states: "To cure this default, you must pay all amounts due under the terms of your Note and Security Deed."

26.     The GA Final Letter further states: "The total amount you must pay to cure the default stated above must be received by [date (35 days from date of the Final Letter)]."

27.     The GA Final Letter also states: "If you have not cured the default within thirty-five (35) days of this notice, Selene may accelerate the maturity date of the Note and declare all outstanding amounts under the Note immediately due and payable, as permitted by applicable state and federal law. Your property that is collateral for the Note

may then be scheduled for foreclosure sale in accordance with the terms of the Security Deed and applicable state laws."

28.    Selene utilized the GA Final Letters to make false threats to accelerate borrowers' loans.

29.    The GA Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if the total amount is not received on or before the date which is 35 days from the date of the Final Letter when, upon information and belief,  a borrower need only keep their loans less than 120 days less than 120 days past due to avoid acceleration and foreclosure.

30.    If a borrower fails to meet the deadline outlined in the Final Letters, nothing happens at all.

31.    Essentially, upon information and belief, Selene is making a false threat.

32.    Upon information and belief, Selene will not accelerate borrowers' loans and proceed to foreclosure even if the borrower fails to make a payment equal to the default amount listed in the GA Final Letter and fails to make any payments that come due during the notice period.

33.    Put simply, Selene does not accelerate loans in the manner threatened by its GA Final Letter in the usual course of business.

34.    The GA Final Letters misrepresent the conditions under which Selene intends to accelerate loans and materially deceive consumers into believing their loans

will or could be accelerated if they fail to fully cure their default prior to the stated date which is 35 days from date of the GA Final Letter.

35.     The GA Final Letters cause borrowers, including Plaintiff and putative Class members, to believe that they are at risk of acceleration and foreclosure if all arrearages to Selene are not paid within the time period identified in the GA Final Letter.

36.     The GA Final Letters cause borrowers to believe that they will lose their homes if they do not become current on their loan within the time period identified in the Letter.

37.     The GA Final Letters misrepresent Selene's intentions and present consumers with a false ultimatum that they satisfy all arrearages within the false deadline identified in the GA Final Letter, or face acceleration and ultimately foreclosure.

38.     The Final Letters are materially misleading in that they threaten consumers, including the named Plaintiffs and putative Class members, with acceleration and foreclosure when Selene has neither the present intent, nor the present ability, to undertake such actions.

39.     The empty threats of acceleration and foreclosure contained within the GA Final Letter are designed to scare and intimidate individuals into paying delinquent amounts.

40.     The empty threats of acceleration and foreclosure contained within the GA Final Letter have the potential of causing individuals, including the named Plaintiff and

putative Class members, to send additional money to Selene that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

41.    The empty threats of acceleration and foreclosure make it impossible for a consumer to make a rational decision in response to the GA Final Letter because it threatens immediate, irreversible consequences.

42.    The empty threats of acceleration and foreclosure are designed to scare consumers into making payments they otherwise may not.

43.    Selene understands and knows the frightening and unnerving nature of the misrepresentations utilized in its GA Final Letters.

44.    Upon information and belief, the GA Final Letters were knowingly, intentionally, and purposefully crafted in such a way to frighten and intimidate consumers into paying money to Selene.

45.    Plaintiff and putative Class members received numerous GA Final Letters substantially identical to **Exhibit A**.

46.    Upon information and belief, each Class member has received one or more GA Final Letter.

47.    Each GA Final Letter constitutes a separate violation of the FDCPA and the Georgia Fair Business Practices Act.

48.    As a result of the foregoing, Plaintiff and putative Class members have experienced anxiety, stress, anger, frustration, and mental anguish which is fairly traceable to their receipt of GA Final Letters containing the false ultimatums which, *inter alia*, caused informational harms, violated substantive rights to be free from unfair and abusive debt collection communications, and misled Plaintiff and putative Class members with regard to the amount of money that had to be paid and when it needed to be paid to save their homes from acceleration and/or foreclosure.

<u>Plaintiff Lequita R. Whitfield</u>

49.    Plaintiff is the owner and resident of a home located at 1043 Kings Circle, Perry, Georgia.

50.    Plaintiff's home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") and serviced by Selene.

51.    Upon information and belief, Selene acquired the servicing rights for Plaintiff's mortgage while it was in a state of default.

52.    When Plaintiff became more than 45 days delinquent, Selene sent her a GA Final Letter to coerce and intimidate her into paying the entire default amount of the loan.

53.    A true and accurate copy of Ms. Whitfield's Final Letter is attached hereto as **<u>Exhibit A</u>**.

54.    Selene sent Plaintiff a GA Final Letter within the applicable statutes of limitations.

55.    The GA Final Letter made a false threat to accelerate Plaintiff's loan, created a false sense of urgency by threatening acceleration of the entire indebtedness, and misled Plaintiff regarding what had to be paid and when it needed to be paid to save her home from acceleration and/or foreclosure, which caused her emotional distress and informational harm by violating her substantive rights to be free from unfair and abusive debt collection communications.

## <u>CLASS ALLEGATIONS</u>

56.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

57.    Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action on behalf of a Classes as tentatively defined as follows:

> Georgia Class: All residential mortgagors who reside in this district to whom Selene sent a letter substantially similar to the Georgia Final Letter attached as **Exhibit A** to this Class Action Complaint, in that the letter warned of immediate acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated within the statute of limitations.

> Georgia FDCPA Class: All residential mortgagors who reside in this district whose mortgage servicing was transferred to Selene while in a state of default, to whom Selene sent a letter substantially similar to the Georgia Final Letter attached as Exhibit A to this Class Action Complaint, in that the letter warned of immediate acceleration of the loan and/or commencement of foreclosure proceedings, upon less than full payment of the "amount due" or "default amount," dated

10

within one year preceding the date of filing of this Class
Action Complaint.

58.    The individuals protected by the Classes are limited by applicable statute of
limitation prior to the filing of this Complaint, through the date of final resolution of this
matter.

59.    Excluded from the Class are: (a) any Judge or Magistrate presiding over
this action and members of their families; (b) Selene and any entity in which Selene has a
controlling interest in Selene and its legal representatives, assigns and successors; and (c)
all persons and entities who properly execute and file a timely request for exclusion from
the Class.

60.    *Numerosity*: Plaintiff is unable to provide a specific number of members in
the Class because that information is solely in the possession of Selene. However, the
exact number of Class members, including the names and addresses of all Class
members, will be easily ascertained through a review of Selene's business records. Upon
information and belief, each Class contains at least a thousand consumers and likely
exceeds several thousand consumers and is therefore so numerous that joinder of all
members would be impracticable.

61.    *Commonality*: Common questions of law and fact predominate over any
individual issues that may be presented, because Selene has a pattern, practice and policy
of communicating with all borrowers in a materially identical manner. Selene, in seeking
to collect the mortgage loan debt of Plaintiff and the putative Class, sent materially

11

identical letters to Plaintiff and putative Class members. Each and every member of the proposed Class is subject to Selene's policies and procedures.

62.    *Typicality*: The claims of Plaintiff are typical of the claims of the proposed Classes and all are based on the same facts and legal theories, as all such claims arise out of Selene's conduct.

63.    *Adequate Representation*: Plaintiff is an adequate representative of the Classes in that Plaintiff has no antagonistic or conflicting claims with any other member of the Classes. Plaintiff has also retained counsel experienced in the prosecution of complex Class actions, specifically including experience with consumer class actions.

64.    Neither Plaintiff nor Plaintiff's counsel has any interest that might cause Plaintiff not to vigorously pursue this action. Plaintiff is aware of the responsibilities to the putative Class and has accepted such responsibilities.

65.    *Predominance and Superiority*: The Classes are appropriate for certification because questions of law and fact common to the members of the Classes predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable. Should individual Class members be required to bring separate actions, this Court or courts in other jurisdictions would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to

proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

66.    Further, Selene has acted and refused to act on grounds generally applicable to the proposed Classes, thereby making appropriate final injunctive and declaratory relief with respect to the Classes as a whole.

<u>**FIRST CAUSE OF ACTION**</u>
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*.)**

67.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

68.    Selene is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6), because Selene obtained the servicing rights to Plaintiff's mortgage while in a state of default.

69.    Plaintiff and all members of the FDCPA Class are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692(a)(3), since they are natural persons allegedly obligated to pay a consumer debt.

70.    At all material times, Plaintiff's debt and the debts of the FDCPA Class Members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

91.    Dunning letters such as the GA Final Letter attached as **Exhibit A** hereto are to be evaluated by the objective "least sophisticated consumer" standard.

13

92.     FDCPA 15 U.S.C. § 1692(e) states in part:

A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . .

(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

93.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or threatened to take action that it could not legally take.

94.     Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

95.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

96.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must pay all arrearages within the false deadline identified in the GA Final Letters, or face immediate acceleration and initiation of foreclosure proceedings.

97.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms threatened in its GA Final Letter.

98.    Selene's violations of 15 U.S.C. § 1692(e) were material, *inter alia*, because the GA Final Letter misled consumers about information necessary to permit them to determine their best course of conduct; created a substantial risk of causing homeowners to make less than optimal decisions in managing their finances; and increased and foreseeably increased the anxiety of homeowners regarding the risk of immediate acceleration or commencement of foreclosure proceedings.

99.    Moreover, Congress has expressly determined that Selene's violations are material by specifically designating that threats to take actions that the debt collector does not intend to take are an unfair collection practice and a violation of the FDCPA.

100.   Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including false threats of acceleration and commencement of foreclosure proceedings, and the GA Final Letters are therefore illegal.

101.   Under 15 U.S.C. § 1692(e), Plaintiff and Class members have a statutory right to be free from abusive debt-collection practices and Plaintiff and Class members suffered concrete and particularized injury when Selene violated that right. Indeed, Selene violated Plaintiff and Class Members' substantive rights under the FDCPA through its conduct, including the false, misleading, and/or deceptive communications regarding Plaintiff and Class members' respective debts.

102.   FDCPA § 1692(f) states in pertinent part that "a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

103.   Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

104.   Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(f) in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

105.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the GA Final Letters, or face acceleration and ultimately foreclosure.

106.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(f), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

107.    Selene has attempted to collect debt in violation of 15 U.S.C. § 1692(f) by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

108.    The FDCPA is meant to protect consumers from harmful or abusive debt-collection practices, such as Selene' practices described herein. Selene's use of such practices in connection with Plaintiff and Class Members' debt constitutes a concrete injury.

109.    As a direct result of Selene's actions, Plaintiff and Class Members suffered injury and were subjected to harms and/or material risks of harm.

110.    As a result of Selene's unlawful attempts to collect debt, Plaintiff and the FDCPA Subclass Members are entitled to statutory damages, as well as their reasonable attorneys' fees.

110.    As a result of Selene' unlawful attempts to collect debt, Plaintiff and the FDCPA Class Members are entitled to statutory damages, as well as their reasonable attorneys' fees.

## SECOND CAUSE OF ACTION
**(Violations of the Georgia Fair Business Practices Act, O.C.G.A. § 10-1-391, *et seq*.)**

111.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

112.    The debt that Selene has collected or attempted to collect from Plaintiff and the Georgia Class arose from "consumer transactions" as defined by the FBPA, O.C.G.A. § 10-1-392(a)(10) in that the "debt" arose from a transaction involving the "sale, purchase, lease, or rental of goods, services or property, real or personal, primarily for personal, family, or household purposes."

113.    Selene's actions violated the FBPA by, among other things: Threatening to enforce a right or remedy while knowing or having reason to know that the right or remedy does not exist and/or by threatening to take action that the debt collector in the regular course of business does not take in violation of O.C.G.A. § 10-1-393(a).

114.    Selene has attempted to collect debt in violation of the FBPA from Plaintiff and the Georgia Class in that, *inter alia*, it has falsely represented that failure to immediately and completely satisfy all arrearages would result in acceleration of their loan in contravention of Selene's specific intentions and ordinary practices.

115.    Selene has attempted to collect debt in violation of the FBPA in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or threatened to take action that it could not legally take.

116.    Selene has attempted to collect debt in violation of FBPA, in that it utilized false threats and misleading representations regarding the amount that consumers must pay, and when they must pay it, for the purpose of coercing additional payments.

117.    Selene has attempted to collect debt in violation of FBPA, in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

118.    Selene has attempted to collect debt in violation of FBPA, in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the GA Final Letters, or face acceleration and ultimately foreclosure.

119.    Selene has attempted to collect debt in violation of FBPA, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms stated in the GA Final Letters.

120.    Selene has attempted to collect debt in violation of FBPA, in that it has threatened to take action, including acceleration and foreclosure, when such actions are not taken in the usual course of business.

121.    Selene has attempted to collect debt in violation of FBPA by using unfair threats and coercion, including false threats of acceleration and foreclosure.

122.    Selene has attempted to collect debt in violation of FBPA in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

123.    Selene has attempted to collect debt in violation of FBPA in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

124.    Selene has attempted to collect debt in violation of the FBPA, in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the GA Final Letters, or face acceleration and ultimately foreclosure.

125.    Selene has attempted to collect debt in violation of the FBPA, in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures.

126.    Selene has attempted to collect debt in violation of the FBPA by using unfair and unconscionable means, including false threats of acceleration and foreclosure.

127.    Accordingly, the acts and practices complained of herein constitute unfair business practices because these acts and practices are patently unfair, substantially injurious to the general public, and offensive to public policy.

128.    Plaintiff is entitled under the FBPA to enjoin these acts and practices by Selene.

129.    As a result of the foregoing, Plaintiff and the Georgia Class are entitled to compensatory and statutory damages, injunctive relief, as well as their reasonable attorneys' fees and costs.

131.    Pursuant to the FBPA, Plaintiff, individually and on behalf of all members of the general public has been, or may be, subjected to Selene's unlawful and fraudulent business acts and practices are entitled to declaratory and preliminary and permanent injunctive relief prohibiting such practices in the future, and other orders as may be necessary to restore to any person in interest, any money or property, real or personal, which Selene acquired by means of such unlawful, unfair and fraudulent business practices.

132.    All conditions precedent for this claim have been met.

134.    Further, Plaintiff complied with all conditions precedent for this claim because, upon information and belief, Selene does not own any assets or have a physical presence in the State of Georgia.

135.    In addition, Plaintiff and the Class are entitled to recover reasonable attorneys' fees, costs, and expenses incurred in bringing this action.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff and all others similarly situated pray the Court for judgment as set forth below:

1.      Certifying this action as a class action as provided by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, appointing Plaintiff as class representatives, and appointing the undersigned as Class counsel;

2.      Declaring that Selene has violated the FDCPA and the FBPA in the ways alleged in this Class Action Complaint;

3.      Enjoining further violations of these statutes by Selene and its agents and employees;

4.      Awarding Plaintiff and the Class statutory damages for all causes of action, including statutory damages;

5.      Awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred;

6.      Ordering that the costs of this action be taxed to Selene; and,

7.      Providing such other and further relief as the Court deems just and proper.


Respectfully submitted, this the 16th day of  May 2024.

**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**


s/ *Scott C. Harris*

Scott C. Harris
GA Bar No.: 101830
900 W. Morgan Street
Raleigh, NC 27603
Telephone: (919) 600-5000
Email: sharris@milberg.com